PARKER, Respondent, vs. BARBER, imp., Appellant.

*April 12—July 8, 1922.*

*Automobiles: Negligence: Chauffeur testing car: Question for jury.*

> Evidence showing that a chauffeur, charged with the duty of keeping his employer's automobiles in repair, had discovered and fixed a leaky pump, and, in order to test the pump to see if the leak had stopped and also to make a call on a friend, started on a fifteen-mile trip, during the course of which an accident occurred, is *held* to make it a jury question as to whether the chauffeur was acting within the scope of his employment at the time of the accident. JONES, J., dissents.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

On the 30th day of March, 1921, plaintiff and her husband were traveling in a wagon drawn by horses on a con-

crete highway between Chippewa Falls and Eau Claire. The defendant Forcier, driving a Cadillac-8 automobile owned by the defendant *Barber,* collided from behind with the wagon, resulting in serious injuries to the plaintiff.

The defendant Forcier had been employed for more than a year preceding and was so employed at the time of the accident, by the defendant *Barber,* as a chauffeur and caretaker of his property. During the winter of 1921, up to within a few days after the accident, the defendant *Barber* had been absent from the state and had left his chauffeur in charge of his property and of his two automobiles. It was the duty of the defendant Forcier to overhaul the automobiles and put them in a state of repair prior to the return of *Barber.* In doing this work he discovered that the engine of the Cadillac car leaked through the pump. The pump was set in motion by a thermostat, which in turn was set in motion by the heat generated from operating the car. To develop sufficient heat to start the pump required driving the car several miles.

On the day of the accident the chauffeur had been working on the car to obviate the leak in the engine and pump. After repairing it he desired to test it out to see if the leak had stopped. A couple of friends who were visiting with him during the day desired to go to Chippewa Falls in the evening to meet some women friends, and the chauffeur also wished to call on a woman friend at that place, so the trip to Chippewa Falls, a distance of fifteen miles, was arranged, and it was on this trip that the accident occurred.

The plaintiff brought the action to recover damages for her injuries.

The case was submitted to a jury, and the jury found that the defendant Forcier failed to exercise ordinary care, which was the proximate cause of the injury; that the plaintiff was free from contributory negligence; and that the defendant Forcier, at the time of the accident, was engaged as the agent of the defendant *Barber* in the performance

and in the furtherance of the business of said *Barber,* and within the scope and authority of his employment as such agent.   Damages were assessed at $3,000.   From the judgment entered thereon the defendant *Barber* appeals, citing as errors that the court refused to change the finding of the jury that Forcier was in the performance of the business of *Barber* and within the scope of his employment at the time of the accident, and the failure of the court to set aside the verdict and grant a new trial.

For the appellant there was a brief by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *C. T. Bundy.*

*Arthur H. Shoemaker* of Eau Claire, for the respondent.

The following opinion was filed May 9, 1922:

CROWNHART, J.   The finding of the jury as to the damages, and the negligence of the defendant Forcier and the freedom from negligence of the plaintiff, are not in dispute.   The sole issue is whether or not the defendant Forcier was acting within the scope of his employment with the defendant *Barber* at the time of the accident.

The defendant Forcier was the principal witness, and the only witness on this question.   The defendant *Barber* did not testify.   Forcier testified repeatedly that it was necessary to test out the car and that he made the trip for that purpose; that it was a part of his duties to keep the car in repair, to overhaul it prior to the return of *Barber,* and that he was making the test at the time of the accident.   He repeatedly said that the primary purpose of the trip was to make the test, and but for the necessity of testing the car he would not have made the trip.   On the other hand, he admitted that one of the reasons for making the trip at the particular time that he did, and for taking the particular route that he did, was his desire to call on his friend at Chippewa Falls.   On this state of the testimony it is clear that it presents a question for the jury.   There does not appear to be any error in the submission of the case to the

jury, and hence the verdict of the jury and the judgment thereon must be affirmed.

*By the Court.*—Judgment affirmed.

JONES, J. (*dissenting*). In my opinion the case should have been dismissed as to the defendant *Barber*. Although Forcier had authority to test the car, the evidence was undisputed that he had no right to use it for his private purposes. It is true he stated that his primary purpose in making the trip was to test the car. But this statement was his conclusion rather than a statement of fact. He repeatedly stated that he would not have taken the car out until the following morning but for the arrangement he had made with his lady friend and the other boys. He had taken the car out of the garage at a time when there was abundant opportunity to test it in the daylight. He was on his so-called testing trip outside of working hours and when, as he said, it was quite dark. Before the accident happened he had ascertained that there was no leak. After the accident the party continued the trip to Chippewa Falls for the purpose of seeing the young ladies.

As I interpret the testimony it conclusively shows that Forcier was using the car for his own convenience and was "on pleasure bent;" and in my judgment there was no credible evidence that he was acting within the scope of his employment when the accident happened.

A motion for a rehearing was denied, with $25 costs, on July 8, 1922.